UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JOSE BULMARO TRUJILLO ADAME (A# 246-067-997),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER,<br><br>Respondent. | No.  1:26-cv-03521 DAD SCR<br><br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241.  The matter was referred to the undersigned by operation of 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**I.      Factual and Procedural History**

U.S. Customs and Border Protection officers encountered Petitioner, a citizen and native of Mexico, on October 7, 2022, near the San Ysidro Port of Entry.  ECF No. 6 at 12.  Immigration officials charged Petitioner as inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I) (immigrant without valid visa) and granted him parole into the United States.  Id.  On July 17, 2025, Petitioner applied for and received an employment authorization through August 2030.  Id.

On April 1, 2026, Petitioner—then 19 years old— was arrested in Utah on various

1

charges, including no valid license; unlawful purchase, possession, consumption by a minor; and driving under the influence. ECF No. 6 at 12; id. at 24-25. On April 23, 2026, Petitioner was convicted of two charges and ordered to pay a fine: (1) no valid license, Utah Code Ann. § 53-3-202; and (2) license plate location, Utah Code Ann. § 41-1a-404.1. ECF No. 6 at 12. Immigration officials detained Petitioner on April 26, 2026. Id. at 11. He is currently detained in the California City Immigration Processing Center, within this judicial district. ECF No. 1 at 1.

Petitioner filed this § 2241 petition on May 8, 2026, alleging his detention without bond violates the Due Process Clause of the Fifth Amendment. ECF No. 1 at 1-2. By way of relief, he asks the Court to order "a bond hearing" or his "immediate release." Id. at 2. On May 11, 2026, Petitioner filed a "Notice of Medical Concern" alerting the Court to a severe tooth pain that affects his ability to "eat, sleep and function normally." ECF No. 5 at 1. Respondent opposes the petition on grounds that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(1) and lacks a protected liberty interest from the revocation of his release or any other source other than those provided by that statute. ECF No. 6 at 5-6. Respondent further argues that Petitioner's medical concerns are "disputed, unsupported by the record, and not cognizable in this federal habeas action." Id. at 8.

## II. Legal Standard

The Supreme Court has held that "the Due Process Clause applies to all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001). Courts examine procedural due process claims in two steps: the first step is determining whether there exists a protected liberty interest under the Due Process Clause. The second step examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989); Morrissey v. Brewer, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.

////

////

2

### III.   Analysis

The Court turns first to the question of whether petitioner has a protected liberty interest in remaining out of custody.  Respondent asserts that Petitioner is subject to mandatory detention under § 1225(b)(1) and "cannot assert a protected property or liberty interest in other procedures not provided by the statute."  ECF No. 6 at 6.  But even assuming this provision governs here,[1] "[i]n this case, as in many others to have recently come before this court, petitioner acquired a liberty interest in his continued freedom when DHS elected to release him" in October 2022. Cajina v. Wofford, No. 1:25-CV-01566-DAD-AC (HC), 2025 WL 3251083, at *3 (E.D. Cal. Nov. 21, 2025) (collecting cases); see also Chavarria v. Chestnut, No. 1:25-CV-01755-DAD-AC, 2025 WL 3533606, at *3 (E.D. Cal. Dec. 9, 2025) (finding petitioner paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5) has a liberty interest in his continued release).  "The court therefore need not determine whether § 1225 or § 1226 applies in this case because petitioner has a liberty interest in his continued release regardless of the applicable detention scheme."  Cajina, 2025 WL 3251083, at *3.  Accordingly, the undersigned finds that Petitioner has a liberty interest in his continued release.[2]

Having found Petitioner has a protected liberty interest in his continued freedom from detention, and consistent with Judge Drozd's reasoning in numerous legally and factually similar cases, the undersigned concludes that Petitioner's re-detention without any notice or opportunity

---

[1] The record does not specify the statutory basis for Petitioner's initial detention or his release on parole.  The undersigned notes that his detention is likely governed by 8 U.S.C. § 1225(b)(1), given that a non-citizen arrested at or near the border without valid entry documents is normally ordered removed "without further hearing or review" pursuant to an expedited removal process. See 8 U.S.C. § 1225(b)(1)(A)(i).

[2] Respondent's argument to the contrary relies on Department of Homeland Security v. Thuraissigiam, 591 U.S. 103 (2020), which is materially distinguishable from this case for multiple reasons.  First, its "discussion of due process is necessarily constrained to challenges to admissibility to the United States" and "[t]he Court answered no broader question."  Padilla v. U.S. Immigr. & Customs Enf't, 704 F. Supp. 3d 1163, 1171-72 (W.D. Wash. 2023); see also Sadeqi v. LaRose, 809 F. Supp. 3d 1090, 1093 (S.D. Cal. 2025) (interpreting Thuraissigiam as "circumscribing an arriving alien's due process rights to *admission*, rather than limiting that person's ability to challenge *detention*.") (emphasis in original).  Moreover, Thuraissigiam concerned an individual arrested mere yards from the border a short time after entering the United States without inspection, and who DHS had never released into the United States, not an individual like Petitioner who has established meaningful ties to the United States.

to be heard violates procedural due process.  See Marquez v. Chestnut, No. 1:26-cv-0988 DAD CSK, 2026 WL 326811, at *1 (E.D. Cal. Feb. 6, 2026) (holding re-detention based on recent DUI arrest violated due process where "[t]here is no indication that petitioner was provided with prior notice that ICE would re-detain her nor is there any indication that she was provided with a hearing before she was taken into custody"); Monsalve v. Chestnut, No. 1:26-cv-0626 DAD CKD, 2026 WL 242066, at *2 (E.D. Cal. Jan. 29, 2026) ("[R]espondents provide no legal authority in support of the proposition that petitioner's DUI arrest justifies re-detaining him without prior notice or a pre-detention hearing.").

Regarding the appropriate remedy, the undersigned observes that Judge Drozd has found post-deprivation remedies appropriate in cases with particularized flight risks that "urgently require arrest" and where a pre-deprivation hearing "would have been impracticable and/or would have motivated [petitioner's] flight." O.A.C.S. v. Wofford, No. 1:25-cv-1652 DAD CSK (HC), 2025 WL 3485221, at *4 (E.D. Cal. Dec. 4, 2025) (quoting Martinez Hernandez v. Andrews, No. 1:25-cv-1035 JLT HBK, 2025 WL 2495767, at *11–12 (E.D. Cal. Aug. 28, 2025)).  But here, Respondent has not identified any particularized flight risk or other reason to justify the lack of pre-deprivation notice and hearing other than the assertion—which the Court rejects for the reasons identified above—that Petitioner is not entitled to such procedural safeguards as an applicant for admission under 8 U.S.C. § 1225(b)(1).

Accordingly, the undersigned recommends that Respondent be ordered to immediately release Petitioner under the same conditions he was subject to immediately prior to his re-detention on April 26, 2026.  Moreover, because Petitioner's October 2022 release on parole involved either an implicit or express finding that he was not a risk of danger or flight, the undersigned recommends that Respondent be enjoined from re-detaining Petitioner without a pre-deprivation hearing in which Respondent bears the burden of proving flight or danger by clear and convincing evidence.  See Quichimbo-Jimenez v. Warden, California City Corr. Ctr., No. 2:26-CV-00739-DAD-EFB, 2026 WL 679378, at *3 (E.D. Cal. Mar. 10, 2026); Maciel v. Noem, No. 1:26-CV-01318-DC-CKD (HC), 2026 WL 496948, at *5, n.5 (E.D. Cal. Feb. 23, 2026).

////

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1.      Petitioner Jose Bulmaro Trujillo Adame's (A# 246-067-997) application for a writ of habeas corpus (ECF No. 1) be granted as follows:

        a.  Respondent be ORDERED to immediately release Petitioner from Respondent's custody with the same conditions he was subject to immediately prior to his re-detention on April 26, 2026;

        b.  Respondent be ENJOINED AND RESTRAINED from re-detaining Petitioner for any purpose, absent exigent circumstances, without providing Petitioner notice and a pre-detention hearing before an immigration judge where Respondent will have the burden to demonstrate by clear and convincing evidence that Petitioner is a danger to the community or a flight risk.

2.      Within seven (7) days from the date of any order adopting these findings and recommendations, Respondent be directed to file a notice in this court certifying compliance with the above provisions.

3.      The Clerk of the Court be directed to enter judgment in favor of petitioner and to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  The parties

////

////

////

are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 28, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE